BEFORE THE THIRD DIVISION, FEBRUARY 6, 1958

**No. 61543.**—Wing Hing Chong & Company and Kwong Hang Company v. United States, protests 230371–K and 230392–K (San Francisco).

DONLON, Judge: Two protests were consolidated on trial, on plaintiff's motion. The protest claim, as to the entries of protest 230371–K, is that "vegetables, pickled, or packed in salt or brine, assessed at 35 percent under paragraph 775, are dutiable at 17½ percent under the same paragraph as amended." As to the entries of protest 230392–K, the protest claim is that "salted vegetables, assessed at 35 percent under paragraph 775, are dutiable at 17½ percent under the same paragraph as modified."

Claim with respect to entry 13301, of protest 230371–K, was abandoned on trial.

The tariff modification, under which plaintiffs claim, was made pursuant to the General Agreement on Tariffs and Trade, T. D. 51802, effective from May 22, 1948, to December 11, 1950. This merchandise was imported on various dates from May 24, 1948, to January 4, 1950. The pertinent term of modification is the exception from benefit of rate reduction, of vegetables (otherwise entitled to the reduction), if they are "pickled or packed in salt or brine."

It is not entirely clear, from the language in which the protests are phrased, whether plaintiffs at the time their protests were filed were of the belief that this merchandise was, in fact, salted or packed in salt or brine.

. In any event, the facts stipulated by counsel for both parties, on trial, relate to this issue of fact. The stipulation is that "the merchandise identified on the invoices of those protests as chun choy [*sic*] was assessed as vegetables, pickled

or packed in salt or brine, under Paragraph 775, at 35 per cent" and that "this merchandise is not in fact pickled or packed in salt or brine, and during this period should have been advisorily classified under Paragraph 775 at 17½ per cent, as other prepared vegetables."

The stipulation as to proper advisory classification lacks judicial substance. However, it is stipulated, as a fact, that merchandise identified as "chun choy" is not pickled or packed in salt or brine. While the invoices were not put in evidence by particular motion, the stipulation does refer to the invoices, and it cannot be read apart from them. Accordingly, we accept the invoices as a part of the record.

What merchandise is identified on the invoices as "chun choy"? There are two items, as follows:

| Protest | Entry | Item | Description |
|---------|-------|------|-------------|
| 230371–K | 5831 | 419 | Preserved vegetable (chun choy) |
| 230392–K | 5381 | 8 | Preserved turnips (chung choy) |

It is noted as to the first of these, that the merchandise of entry 5831, item 419, was assessed on liquidation at the claimed rate. There is before us, then, no issue respecting that merchandise.

While the stipulation refers to merchandise described in the invoices as *chun choy*, and the merchandise of entry 5381, item 8, is described in the invoice as *chung choy*, we are inclined to pass over what appears to be a minor inconsistency in the spelling of a foreign word. Indeed, unless the same situation pertains to *chung choy* as to *chun choy*, the stipulation is inapplicable to any of the merchandise before us. This we do not infer.

Accepting the stipulation as an agreed statement of fact that the merchandise described in the invoices of protest 230392–K, entry 5381, item 8, as "preserved turnips (chung choy)," is not pickled or packed in salt or brine, we hold it is entitled to the benefit of the claimed rate reduction.

To the extent indicated, protest 230392–K is sustained. Claim as to entry 13301 in protest 230371–K having been abandoned, is dismissed. In all other respects, and as to all other entries and merchandise, both protests are overruled.

Judgment will be rendered accordingly.